# EXHIBIT 1

LIFENET HEALTH,
  a Virginia Corporation,

          Plaintiff,

          -v.-

RTI SURGICAL, INC.,
  a Delaware Corporation,

          Defendant.

Case No.  1:18-cv-00146-MW-GRJ

## LIFENET HEALTH'S PRELIMINARY RESPONSES TO
## RTI SURGICAL, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-13)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff LifeNet Health ("LifeNet") hereby responds to Defendant RTI Surgical, Inc.'s ("RTI's") First Set of Interrogatories (Nos. 1-13) Directed to Plaintiff ("Interrogatories") in the above-captioned Action.  LifeNet reserves the right to revise or supplement its objections and responses to the Interrogatories and to assert additional objections to the Interrogatories at any time.

## GENERAL OBJECTIONS

LifeNet makes the following General Objections, whether or not separately set forth in each Interrogatory, and to each and every instruction, definition, and request posed in the Interrogatories.  To the extent any specific objection is also made to a particular interrogatory, LifeNet does not waive or otherwise limit any general objection.

1.      LifeNet incorporates by reference, as though fully set forth herein, its responses and objections contained in any other discovery responses served upon RTI in this Action. Specifically, LifeNet incorporates by reference its September 13, 2018, objections and responses to the definitions and instructions in RTI's First Set of Requests for Production Directed to Plaintiff, which RTI incorporated by reference into these Interrogatories.

2.      LifeNet objects to these Interrogatories, and the definitions and instructions thereto, to the extent they seek to impose obligations on LifeNet that are inconsistent with and/or beyond the scope of those imposed or authorized by the Federal Rules of Civil Procedure or the Local Rules or decisions of this Court.

3.      LifeNet objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative or duplicative, seeks information that is more conveniently or less expensively obtained from another source, or seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

4.      LifeNet objects to each Interrogatory to the extent that it seeks information subject to the attorney-client privilege, immune from production pursuant to the attorney work-product doctrine, subject to any other privilege or immunity from discovery, or otherwise not properly subject to discovery.  Such information shall not be produced in response to any Interrogatory, and any inadvertent response thereto shall not be deemed a waiver of any privilege with respect to such information or of any work-product doctrine that may attach thereto.

5.      LifeNet objects to each Interrogatory to the extent that it calls for information not within the possession, custody or control of LifeNet.  To do so would place an undue burden on LifeNet, require more of LifeNet than any obligation imposed by law, would subject LifeNet to unreasonable and undue burden and expense, and would seek to impose upon LifeNet an

obligation to investigate or discover information or materials from third parties or sources that are equally accessible to RTI. LifeNet further objects to each Interrogatory to the extent that it requires LifeNet to provide information beyond that presently known to LifeNet or available to LifeNet from a reasonable search of its own files likely to contain relevant or responsive documents and from a reasonable inquiry of its present employees.

6. LifeNet objects to each Interrogatory to the extent that it seeks information not relevant to the subject matter of this action or to a claim or defense of any party and/or is not proportional to the needs of the case.

7. LifeNet objects to each individual Interrogatory to the extent it fails to describe the requested information with reasonable particularity, is indefinite as to time or scope or otherwise not limited to a time frame or geographic location relevant to this litigation and to the patents-in-suit, and is therefore unduly burdensome, oppressive, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

8. LifeNet objects to the Interrogatories as unduly burdensome to the extent they request information already in RTI's possession, custody, or control.

9. LifeNet objects to each Interrogatory to the extent that it seeks information subject to a non-disclosure or confidentiality agreement with a third party, or that contain the trade secrets of or confidential or proprietary information of a third party.

10. LifeNet objects to each Interrogatory to the extent it seeks LifeNet's trade secrets or confidential and proprietary information absent the entry of an agreed-upon protective order.

11. LifeNet objects to the definitions of "LifeNet" and "Plaintiff" as overbroad and unduly burdensome to the extent they include LifeNet's "related or foreign or U.S. associated companies, including without limitation all of their corporate locations, predecessors,

subsidiaries, parents, divisions, and affiliates, whether or not incorporated, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, patent agents, entities acting in joint-venture or partnership relationships, and others acting on behalf of the entity or entities" without temporal, geographic, or subject matter limitations. LifeNet further objects to these definitions to the extent they purports to require LifeNet to produce documents or information that is not within LifeNet's possession, custody, or control. LifeNet further objects to these definitions to the extent they seek the production of privilege documents and communications, such as, for example, communications with LifeNet's "patent agents."

12.     LifeNet objects to the definition of "Identified Inventors" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the ends of the case to the extent that its use calls for documents and things not within LifeNet's possession, custody, or control, would otherwise impermissibly expand the discovery obligations imposed by law on LifeNet, and/or would impose upon LifeNet an obligation to investigate or discover information or materials from third parties or sources that are equally accessible to RTI. LifeNet further objects to this definition as purporting to require the production of documents and things that are publicly available.

13.     LifeNet objects to the definition of "Covered Product" and "Covered Products" as vague, ambiguous, overly broad, and unduly burdensome, and not proportional to the needs of the case, to the extent they purport to include devices or methods not made, used, sold, or practiced by LifeNet, or outside the possession, custody, or control of LifeNet.

14.     LifeNet objects to the definition of "Prior Art" as vague, overly broad, unduly burdensome, and not proportional to the needs of the case. LifeNet further objects to this definition to the extent it seeks a legal conclusion as to what constitutes prior art in this Action.

15.     LifeNet objects to the definition of "Plaintiff Product" and "Plaintiff Products" as vague, ambiguous, overly broad, and unduly burdensome, to the extent they purport to include devices or methods not made, used, sold, or practiced by LifeNet, or outside the possession, custody, or control of LifeNet.

16.     LifeNet objects to the definition of "Related Patent" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include patents or patent applications not at issue in this litigation.  LifeNet further objects to this definition on the grounds that it purports to require LifeNet to produce documents or information that is not within LifeNet's possession, custody, or control.

17.     LifeNet objects to the definition of "Related Application" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.  LifeNet further objects to this definition, as it would impermissibly expand the discovery obligations imposed by law on LifeNet and is neither relevant to the subject matter of this Action or to any claim or defense of any party.

18.     LifeNet objects to the definition of "concerning," "regarding," "referring to" or "relating to" as overly broad, unduly burdensome, and not proportional to the needs of the case.

19.     LifeNet objects to the definition of "document" and "documents" to the extent it seeks documents and information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, subject to any other privileges or immunities from discovery, or otherwise not properly subject to discovery.

20.     LifeNet objects to the definition of "communications" to the extent it seeks documents and information protected from disclosure by the attorney-client privilege, the

attorney work product doctrine, subject to any other privileges or immunities from discovery, or otherwise not properly subject to discovery.

21. To the extent any Request calls for "[a]ll" and "any" documents and things, LifeNet objects to the Request as being unduly burdensome, overly broad and not proportional to the needs of the case.

22. LifeNet reserves the right to supplement, clarify, revise, or correct any or all of these objections and responses, if and when additional information is discovered. LifeNet also expressly reserves the right to assert additional objections or privileges.

23. LifeNet will identify and list documents withheld on the basis of the attorney-client privilege, the attorney work-product doctrine, or any other privilege or immunity from discovery in an appropriate privilege log, which will be submitted in a timely manner. LifeNet objects to RTI's instruction concerning privilege logs to the extent it seeks to impose obligations on LifeNet that are inconsistent with or beyond the scope of those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Florida, or any other applicable laws.

24. LifeNet will identify and list documents withheld on the basis of the attorney-client privilege, the attorney work-product doctrine, or any other privilege or immunity from discovery in an appropriate privilege log, which will be submitted in a timely manner.

25. LifeNet will cooperate in good faith with Defendant, pursuant to Local Rule 37, to resolve any of these objections with opposing counsel.

Each of the above General Objections shall be deemed continuing and is incorporated into the Specific Objections set forth below and any responses, whether or not specifically stated with respect to each Interrogatory, and is not waived or in any way limited by the objections

below or any responses. No response to an Interrogatory shall be understood as, nor is intended to be, a waiver of any General Objection or any Specific Objection that may be separately stated with respect to any Interrogatory. Nor shall any response to an Interrogatory be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action. All of the objections set forth below are made without waiving or intending to waive any objection, including but not limited to objections as to competency, relevancy, materiality, authenticity, privilege, or admissibility.

LifeNet reserves the right to revise or supplement its objections and responses to the Interrogatories at any time should additional responsive information be discovered and/or additional claims be asserted. LifeNet also reserves the right to assert additional objections at any time.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

For each claim of each patent-in-suit, describe in detail the conception, reduction to practice (actual or constructive), and all activities constituting diligence from conception to reduction to practice.

For each claim, Plaintiff's response should provide, without limitation, an identification and description of: when, where, and by whom each claimed invention was conceived; the specific contribution by each alleged inventor; the first drawing of each claimed invention (including when and where it was made and by whom); the first written description of each claimed invention (including when and where it was made and by whom); the earliest priority date of each claimed invention and all bases for such priority; when, where, by whom, and under what circumstances each claimed invention was first reduced to practice; the first public

disclosure of each claimed invention (e.g., first presentation, first demonstration, first use, first advertisement, first offer for sale, first sale, and first description in a printed publication), including when, where, by whom, and to whom; and an identification of all documents, evidence, and witnesses corroborating or concerning the above.

## OBJECTIONS TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory as compound. Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff objects to this Interrogatory to the extent that it seeks a legal conclusion. Plaintiff objects to this Interrogatory as premature to the extent it seeks information that will be the subject of expert testimony that will be disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2) pursuant to any schedule set by the Court. Plaintiff further objects to this Interrogatory as premature because Plaintiff may produce business records responsive to this Interrogatory; because discovery has only just begun, Plaintiff expressly reserves its right to supplement its response in accordance with Federal Rule of Civil Procedure Rule 33(d).

## RESPONSE TO INTERROGATORY NO. 1:

Subject to, and without waiver of, the foregoing Specific and General Objections, Plaintiff responds as follows: The claims of U.S. Patent Nos. 6,569,200 ("the '200 patent"); 9,579,420 ("the '420 patent"); and 9,585,986 ("the '986 patent") were conceived and first reduced to practice at least as early as June 30, 1998. The claims of U.S. Patent Nos. 6,458,158 ("the '158 patent") and 8,182,532 ("the '532 patent") were conceived and first reduced to practice at least as early as January 5, 1999. Plaintiff identifies Lloyd Wolfinbarger, Robert O'Leary, Daniel Osborne, and Barton Gaskins as persons with knowledge responsive to this

Interrogatory.  In addition, Plaintiff will produce business records responsive to this Interrogatory in accordance with Federal Rule of Civil Procedure Rule 33(d).

Plaintiff notes that discovery has just begun, RTI has not yet answered the Complaint, and no depositions have been taken yet.  Plaintiff therefore reserves the right to revise or supplement its response to this Interrogatory at any time, should additional responsive information be discovered and/or additional claims be asserted or for any reason deemed necessary and proper.

## INTERROGATORY NO. 2:

State the test method that Plaintiff contends will determine, for each claim of the 200, 420, and 986 patents that requires "one or more plasticizers are not removed from an internal matrix", whether or not the "plasticizer" limitation is satisfied. Include the complete protocol for performing the test sufficient to allow the test to be duplicated and the threshold level of plasticizer that if detected, would establish the "not removed" limitation, and the specific chemical and quantity of "plasticizer" actually found by Plaintiff in the accused "Fortiva" product. If Plaintiff contends that the level of plasticizer that satisfies this limitation is different for different plasticizers, state the threshold level and test method for each plasticizer that Plaintiff is aware has ever been used in a Plaintiff Covered Product or in any other product that has been the subject of a patent claim assertion by Plaintiff under the 200, 420, or 986 patents or Related Patents.

## OBJECTIONS TO INTERROGATORY NO. 2:

Plaintiff objects to this Interrogatory as compound.  Plaintiff objects to this Interrogatory as vague and ambiguous with respect to the phrases "the test method that Plaintiff contends," "sufficient to allow the test to be duplicated," "would establish," and "specific chemical and

quantity." Plaintiff objects to this Interrogatory as overbroad with respect to the phrases "has ever been used" and "any other product that has been the subject of a patent claim assertion by Plaintiff." Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff objects to this Interrogatory to the extent that it seeks a legal conclusion. Plaintiff objects to this Interrogatory as premature to the extent it seeks information that will be the subject of expert testimony that will be disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2) pursuant to any schedule set by the Court. Plaintiff further objects to this Interrogatory as premature because Plaintiff may produce business records responsive to this Interrogatory; because discovery has only just begun, Plaintiff expressly reserves its right to supplement its response in in accordance with Federal Rule of Civil Procedure Rule 33(d).

## RESPONSE TO INTERROGATORY NO. 2:

Subject to, and without waiver of, the foregoing Specific and General Objections, Plaintiff responds as follows: Plaintiff will respond to this Interrogatory as required under the Federal Rules of Civil Procedure, the Local Rules, or orders of this Court. Plaintiff may produce business records responsive to this Interrogatory in accordance with Fed. R. Civ. P. 33(d). In addition, if applicable, Plaintiff will supplement this response in accordance with Fed. R. Civ. P. 26(a)(2) pursuant to any schedule set by the Court.

Plaintiff notes that discovery has just begun, RTI has not yet answered the Complaint, and no depositions have been taken yet. Plaintiff therefore reserves the right to revise or supplement its response to this Interrogatory at any time, should additional responsive information be discovered and/or additional claims be asserted or for any reason deemed necessary and proper.

**INTERROGATORY NO. 3:**

State the full basis, for each asserted patent, for any claim that Plaintiff provided notice of infringement satisfying 35 U.S.C. § 287 to RTI prior to filing the Complaint.

**OBJECTION TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory as compound.  Plaintiff objects to this Interrogatory as vague, ambiguous, and overbroad with respect to the phrase "the full basis."  Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Plaintiff objects to this Interrogatory to the extent that it seeks a legal conclusion.  Plaintiff objects to this Interrogatory as premature because Plaintiff may produce business records responsive to this Interrogatory; because discovery has only just begun, Plaintiff expressly reserves its right to supplement its response in in accordance with Federal Rule of Civil Procedure Rule 33(d).

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to, and without waiver of, the foregoing Specific and General Objections, plaintiff responds as follows:  Starting in 2010 with the launch of its Oracell® dermal implant, LifeNet has marked its products incorporating the proprietary bio-implant tissue-preservation technology with the '200 patent number.  Plaintiff identifies the following LifeNet Products: ArthroFLEX, DermACELL, and OraCELL, each of which has been marked with the '200 patent number since its first sale in the United States.  Each of these LifeNet products was subsequently marked with the '420 patent and the '986 patent upon issuance of these patents in February 2017 and March 2017, respectively.  *See* https://www.lifenethealth.org/sites/default/files/ lifenet_products_pats_9-19-2017.pdf.  Additionally, on information and belief, RTI had knowledge of the '200 patent at least by virtue of the litigation between LifeNet and LifeCell

Corporation, Civil Action No. 2:13-cv-00486, filed on September 6, 2013 (E.D. Va.) (the '200 patent litigation). On information and belief, RTI also had knowledge of the jury verdict and of the appellate decision of the '200 patent litigation. *See LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316 (Fed. Cir. 2016). Plaintiff further identifies VG2® Cervical, VG2® TLIF, VG2® PLIF, and VG2® RAMP as products, each of which has been marked with the '158 and '532 patent numbers upon issuance of the respective patents. *See* https://www.lifenethealth.org/sites/default/files/lifenet_products_pats_9-19-2017.pdf. In addition, Plaintiff will produce business records responsive to this Interrogatory in accordance with Fed. R. Civ. P. 33(d).

Plaintiff notes that discovery has just begun, RTI has not yet answered the Complaint; and no depositions have been taken yet. Plaintiff therefore reserves the right to revise or supplement its response to this Interrogatory at any time, should additional responsive information be discovered and/or additional claims be asserted or for any reason deemed necessary and proper.

**INTERROGATORY NO. 4:**

State in detail the complete factual and legal bases for Plaintiff's claim that Plaintiff is entitled to increased damages under 35 U.S.C. § 284.

**OBJECTIONS TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory to the extent it seeks a legal conclusion. Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff objects to this Interrogatory as premature, as Defendant has not yet provided full discovery regarding the extent of its infringing activities or the benefits it accrued as a result of such infringement. Plaintiff objects to the extent that the details of its damages theory will be the

subject of expert testimony that will be disclosed in accordance with Fed. R. Civ. P. 26(a)(2) pursuant to any schedule set by the Court.  Plaintiff objects to this Interrogatory as premature because Plaintiff may produce business records responsive to this Interrogatory; because discovery has only just begun, Plaintiff expressly reserves its right to supplement its response in accordance with Federal Rule of Civil Procedure Rule 33(d).

## RESPONSE TO INTERROGATORY NO. 4:

Subject to, and without waiver of, the foregoing Specific and General Objections, Plaintiff responds as follows:  On information and belief, RTI had knowledge of the '200 patent at least by virtue of the litigation between LifeNet and LifeCell Corporation, Civil Action No. 2:13-cv-00486, filed on September 6, 2013 (E.D. Va.) (the '200 patent litigation).  On information and belief, RTI also had knowledge of the jury verdict and of the appellate decision of the '200 patent litigation.  *See LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316 (Fed. Cir. 2016).  In addition, Plaintiff will produce business records responsive to this Interrogatory in accordance with Fed. R. Civ. P. 33(d).  In addition, Plaintiff will supplement this response in accordance with Fed. R. Civ. P. 26(a)(2) pursuant to any schedule set by the Court.

Plaintiff notes that discovery has just begun, RTI has not yet answered the Complaint, and no depositions have been taken yet.  Plaintiff therefore reserves the right to revise or supplement its response to this Interrogatory at any time, should additional responsive information be discovered and/or additional claims be asserted or for any reason deemed necessary and proper.

**INTERROGATORY NO. 5:**

Identify each product or process of Plaintiff covered by any claim of a patent in suit, and provide a claim chart with the information required by Patent Local 4.1(b) for each claim and product.

**OBJECTIONS TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the subject matter of this action or to a claim or defense of Defendant. Plaintiff objects to this Interrogatory to the extent it seeks a legal conclusion. Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff objects to this Interrogatory to the extent it seeks publicly available information or information already in the possession, custody, or control of Defendant. Plaintiff objects to this Interrogatory to the extent that it seeks information not relevant to the subject matter of this action or to a claim or defense of Defendant. Plaintiff objects to this Interrogatory as duplicative of at least Interrogatory No. 3.

**RESPONSE TO INTERROGATORY NO. 5:**

Subject to, and without waiver of, the foregoing Specific and General Objections, Plaintiff responds as follows: Plaintiff identifies the following LifeNet Products: ArthroFLEX, DermACELL, and OraCELL, each of which has been marked with the '200 patent number since its first sale in the United States. Plaintiff further identifies VG2® Cervical, VG2® TLIF, VG2® PLIF, and VG2® RAMP as products, each of which has been marked with the '158 and '532 patent numbers upon issuance of the respective patents. *See* https://www.lifenethealth.org/ sites/default/files/lifenet_products_pats_9-19-2017.pdf. In addition, Plaintiff will produce business records responsive to this Interrogatory in accordance with Fed. R. Civ. P. 33(d).

Plaintiff notes that discovery has just begun, RTI has not yet answered the Complaint, and no depositions have been taken yet. Plaintiff therefore reserves the right to revise or supplement its response to this Interrogatory at any time, should additional responsive information be discovered and/or additional claims be asserted or for any reason deemed necessary and proper.

**INTERROGATORY NO. 6:**

For each accused product, specifically describe in detail the complete legal and factual bases for all damages to which Plaintiff contends it is entitled because of RTI's alleged infringement of each patent-in-suit, including the time periods, amount, and whether the amount is based on lost profits, a reasonable royalty, or some other measure.

**OBJECTIONS TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory to the extent it seeks a legal conclusion. Plaintiff objects to this Interrogatory as premature, as Defendant has not yet provided full discovery regarding the extent of its infringing activities or the benefits it accrued as a result of such infringement. Plaintiff objects to the extent that the details of its damages theory will be the subject of expert testimony that will be disclosed in accordance with Fed. R. Civ. P. 26(a)(2) pursuant to any schedule set by the Court. Plaintiff objects to this Interrogatory as premature because Plaintiff may produce business records responsive to this Interrogatory; because discovery has only just begun, Plaintiff expressly reserves its right to supplement its response in accordance with Federal Rule of Civil Procedure Rule 33(d). Plaintiff objects to this Interrogatory as duplicative of at least Interrogatory No. 4.

## RESPONSE TO INTERROGATORY NO. 6:

Subject to, and without waiver of, the foregoing Specific and General Objections, Plaintiff responds as follows: Plaintiff will produce business records responsive to this Interrogatory in accordance with Fed. R. Civ. P. 33(d). In addition, Plaintiff will supplement this response in accordance with Fed. R. Civ. P. 26(a)(2) pursuant to any schedule set by the Court.

Plaintiff notes that discovery has just begun, RTI has not yet answered the Complaint; and no depositions have been taken yet. Plaintiff therefore reserves the right to revise or supplement its response to this Interrogatory at any time, should additional responsive information be discovered and/or additional claims be asserted or for any reason deemed necessary and proper.

## INTERROGATORY NO. 7:

Identify, for each patent-in-suit and Related Patents, all prior assertions of the patent, including the patents, the entity the patents were asserted against, the communication containing the assertion, the date, and the individuals who made the assertion. For this Interrogatory, an "assertion" is any communication or court filing that identifies a product or process by an entity other than Plaintiff and alleges that the product or process is infringing, may be infringing, or may be of interest in view of a patent-in-suit or Related Patent.

## OBJECTIONS TO INTERROGATORY NO. 7:

Plaintiff objects to this Interrogatory as compound. Plaintiff objects to this Interrogatory as vague and ambiguous with respect to the phrase, "may be infringing, or may be of interest in view of a patent-in-suit or Related Patent." Plaintiff objects to this Interrogatory as overbroad with respect to the phrases "all prior assertions" and "any communication or court filing that . . . alleges that the product or process is infringing, may be infringing, or may be of interest in view

of a patent-in-suit or Related Patent." Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff objects to this Interrogatory to the extent that it seeks a legal conclusion. Plaintiff objects to this Interrogatory to the extent it seeks publicly available information or information already in the possession, custody, or control of Defendant. Plaintiff objects to this Interrogatory as compound. Plaintiff objects to this Interrogatory to the extent it seeks documents and things subject to a non-disclosure or confidentiality agreement with a third party and/or that contain the trade secrets of, or information confidential and proprietary to, a third party. Plaintiff further objects to this Interrogatory as premature because Plaintiff may produce business records responsive to this Interrogatory; because discovery has only just begun, Plaintiff expressly reserves its right to supplement its response in in accordance with Federal Rule of Civil Procedure Rule 33(d).

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to, and without waiver of, the foregoing Specific and General Objections, Plaintiff responds as follows: Plaintiff states that in September 2013, LifeNet Health filed suit in the U.S. District Court for the Eastern District of Virginia asserting infringement of the '200 patent by LifeCell Corporation ("LifeCell"). *See* D.I. 1, Civil Action No. 2:13-cv-00486, September 6, 2013 (E.D. Va.) (the "LifeCell '200 patent litigation"). LifeNet Health accused LifeCell's porcine Strattice® product, among others, of infringing the '200 patent. After a ten-day jury trial, the jury found the '200 patent to be valid and infringed by Strattice and other LifeCell products, and awarded damages to LifeNet Health in the amount of $34,741,971. *See* LifeCell '200 patent litigation, D.I. 369, 395. The U.S. Court of Appeals for the Federal Circuit

upheld the verdict in LifeNet Health's favor on appeal in a unanimous panel decision. *See LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316 (Fed. Cir. 2016).

Plaintiff also states that in September 2015, LifeCell filed a Complaint for Declaratory Judgment in the U.S. District Court for the District of New Jersey requesting a declaration of non-infringement of U.S. Patent No. 9,125,971 ("the '971 patent"). *See* D.I. 1, Civil Action No.2:15-cv-06701, September 8, 2015 (D. NJ) (the "Declaratory Judgment Action"). On the same day as filing the Declaratory Judgment Action, LifeCell filed a Petition for *Inter Partes* Review, challenging the validity of the '971 patent at the U.S. Patent and Trademark Office. *See LifeCell Corporation v. LifeNet Health*, IPR2015-01888, Paper 1 (PTAB Sept. 8, 2015). The Declaratory Judgment Action was transferred to the U.S. District Court for the Eastern District of Virginia. *See* D.I. 37, Civil Action No.2:15-cv-06701; *also* Civil Action No. 2:16-cv-00451 (E.D. Va.). LifeNet Health filed a Request for Adverse Judgment pursuant to 37 C.F.R. § 42.73(b) requesting that the U.S. Patent and Trademark Office cancel claims 1-13 of the '971 patent. That Request was granted on August 5, 2016. *See id.* at Paper 20. The Declaratory Judgment Action was subsequently dismissed. *See* D.I. 58, Civil Action No. 2:16-cv-00451, Aug. 15, 2016 (E.D. Va.).

In May 2017, LifeNet Health filed suit in the U.S. District Court for the Eastern District of Virginia asserting infringement of the '200 patent by Tissue Regenix Woundcare Inc. and Community Tissue Services. This case was subsequently transferred to the U.S. District Court for the Western District of Texas *See* D.I. 1, Civil Action No. 5:17-cv-01061, May 8, 2017 (W.D. Tex.). This case was dismissed with prejudice upon settlement between the parties. Plaintiff will also produce business records responsive to this Interrogatory in accordance with Fed. R. Civ. P. 33(d).

Plaintiff notes that discovery has just begun, RTI has not yet answered the Complaint; and no depositions have been taken yet. Plaintiff therefore reserves the right to revise or supplement its response to this Interrogatory at any time, should additional responsive information be discovered and/or additional claims be asserted or for any reason deemed necessary and proper.

**INTERROGATORY NO. 8:**

Identify each opinion, study or analysis concerning patentability, enforceability, infringement, or validity made by or for Plaintiff relating to the subject matter of the patents-in suit, including an identification of all prior art referenced, and for each such opinion, study, or analysis identify the date Plaintiff received such an opinion, identify whether the opinion was rendered orally or in writing, identify the general subject matter of the analysis, identify the authors and recipients of the opinion and identify every document concerning such opinion.

**OBJECTIONS TO INTERROGATORY NO. 8:**

Plaintiff objects to this Interrogatory to the extent it seeks a legal conclusion. Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff objects to this Interrogatory as premature, as Defendant has not yet provided full discovery regarding the extent of its infringing activities. Plaintiff objects to the extent that the details of its "patentability, enforceability, infringement, or validity" theory will be the subject of expert testimony that will be disclosed in accordance with Fed. R. Civ. P. 26(a)(2) pursuant to any schedule set by the Court. Plaintiff objects to this Interrogatory to the extent it seeks documents and things subject to a non-disclosure or confidentiality agreement with a third party and/or that contain the trade secrets of, or information confidential and proprietary to, a third party. Plaintiff

objects to this Interrogatory as premature because Plaintiff may produce business records responsive to this Interrogatory; because discovery has only just begun, Plaintiff expressly reserves its right to supplement its response in accordance with Federal Rule of Civil Procedure Rule 33(d).

**RESPONSE TO INTERROGATORY NO. 8:**

Subject to, and without waiver of, the foregoing Specific and General Objections, Plaintiff responds as follows:  Plaintiff states that in September 2013, LifeNet Health filed suit in the U.S. District Court for the Eastern District of Virginia asserting infringement of the '200 patent by LifeCell Corporation ("LifeCell").  *See* D.I. 1, Civil Action No. 2:13-cv-00486, September 6, 2013 (E.D. Va.) (the "LifeCell '200 patent litigation").  LifeNet Health accused LifeCell's porcine Strattice® product, among others, of infringing the '200 patent.  After a ten-day jury trial, the jury found the '200 patent to be valid and infringed by Strattice and other LifeCell products, and awarded damages to LifeNet Health in the amount of $34,741,971.  *See* LifeCell '200 patent litigation, D.I. 369, 395.  The U.S. Court of Appeals for the Federal Circuit upheld the verdict in LifeNet Health's favor on appeal in a unanimous panel decision.  *See* *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316 (Fed. Cir. 2016).  Plaintiff will produce business records responsive to this Interrogatory in accordance with Fed. R. Civ. P. 33(d).  In addition, Plaintiff will supplement this response in accordance with Fed. R. Civ. P. 26(a)(2) pursuant to any schedule set by the Court.

Plaintiff notes that discovery has just begun, RTI has not yet answered the Complaint; and no depositions have been taken yet.  Plaintiff therefore reserves the right to revise or supplement its response to this Interrogatory at any time, should additional responsive

information be discovered and/or additional claims be asserted or for any reason deemed necessary and proper.

**INTERROGATORY NO. 9:**

Identify all documents affecting title to each patent in suit, including any documents that operate as an encumbrance on the patent. For example, this includes all assignments, liens, licenses, settlement agreements, or other grant of rights under or to the patent.

**OBJECTIONS TO INTERROGATORY NO. 9:**

Plaintiff objects to this Interrogatory to the extent it seeks a legal conclusion. Plaintiff objects to this Interrogatory as compound. Plaintiff objects to this Interrogatory as vague and ambiguous with respect to the phrases "any documents that operate as an encumbrance on the patent" and "for example." Plaintiff objects to this Interrogatory as overbroad with respect to the phrases "all documents." Plaintiff objects to this Interrogatory to the extent it seeks publicly available information or information already in the possession, custody, or control of Defendant. Plaintiff objects to this Interrogatory to the extent it seeks documents and things subject to a non-disclosure or confidentiality agreement with a third party and/or that contain the trade secrets of, or information confidential and proprietary to, a third party. Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff objects to this Interrogatory as premature because Plaintiff may produce business records responsive to this Interrogatory; because discovery has only just begun, Plaintiff expressly reserves its right to supplement its response in accordance with Federal Rule of Civil Procedure Rule 33(d).

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to, and without waiver of, the foregoing Specific and General Objections, Plaintiff responds as follows: Plaintiff will produce business records responsive to this Interrogatory in accordance with Fed. R. Civ. P. 33(d).

Plaintiff notes that discovery has just begun, RTI has not yet answered the Complaint, and no depositions have been taken yet. Plaintiff therefore reserves the right to revise or supplement its response to this Interrogatory at any time, should additional responsive information be discovered and/or additional claims be asserted or for any reason deemed necessary and proper.

**INTERROGATORY NO. 10:**

State when, where, who, how and why Plaintiff first learned of each of the following products and when, where, who, how, and why Plaintiff first became aware the product was allegedly infringing one or more of the patents-in-suit: "Capistrano Cervical Allograft Spacer System", "Puros-S2 cervical", "AlloQuent-S", "CeSpace Cortical Cancellous Bone", "Cornerstone ASR-Cortical Cancellous Block", and "Elemax Cortical Cancellous Spacer".

**OBJECTIONS TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory as compound. Plaintiff objects to this Interrogatory as vague and ambiguous with respect to the phrases "who . . . and why Plaintiff first learned" and "who . . . and why Plaintiff first became aware . . . ." Plaintiff objects to this Interrogatory to the extent it seeks a legal conclusion. Plaintiff objects to this Interrogatory to the extent it seeks publicly available information or information already in the possession, custody, or control of Defendant. Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity.  Plaintiff objects to this Interrogatory as premature because Plaintiff may produce business records responsive to this Interrogatory; because discovery has only just begun, Plaintiff expressly reserves its right to supplement its response in accordance with Federal Rule of Civil Procedure Rule 33(d).

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to, and without waiver of, the foregoing Specific and General Objections, Plaintiff responds as follows:  Plaintiff will produce business records responsive to this Interrogatory in accordance with Fed. R. Civ. P. 33(d).

Plaintiff notes that discovery has just begun, RTI has not yet answered the Complaint; and no depositions have been taken yet.  Plaintiff therefore reserves the right to revise or supplement its response to this Interrogatory at any time, should additional responsive information be discovered and/or additional claims be asserted or for any reason deemed necessary and proper.

**INTERROGATORY NO. 11:**

For each year from 2002 to 2018, identify the person or persons most responsible for monitoring competitors, making recommendations regarding patent enforcement, and making decisions regarding patent enforcement, and state for each year, why Plaintiff did not sue RTI or its predecessors for infringement of the '158 patent.

**OBJECTIONS TO INTERROGATORY NO. 11:**

Plaintiff objects to this Interrogatory as expressly seeking information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Plaintiff objects to this Interrogatory as compound.  Plaintiff objects to this Interrogatory as vague and ambiguous with respect to the phrase "most responsible" and

especially in combination with the vague and ambiguous phrases "monitoring competitors";

"making recommendations regarding patent enforcement"; "making decisions regarding patent

enforcement." Plaintiff objects to this Interrogatory as vague and ambiguous with respect to the

terms "why" and "predecessors." Plaintiff objects to this Interrogatory to the extent it seeks a

legal conclusion. Plaintiff objects to this Interrogatory to the extent that it seeks information not

relevant to the subject matter of this action or to a claim or defense of Defendant Plaintiff objects

to this Interrogatory as premature because Plaintiff may produce business records responsive to

this Interrogatory; because discovery has only just begun, Plaintiff expressly reserves its right to

supplement its response in accordance with Federal Rule of Civil Procedure Rule 33(d).

**RESPONSE TO INTERROGATORY NO. 11:**

Subject to, and without waiver of, the foregoing Specific and General Objections,

Plaintiff responds as follows: Plaintiff will produce business records responsive to this

Interrogatory in accordance with Fed. R. Civ. P. 33(d).

Plaintiff notes that discovery has just begun, RTI has not yet answered the Complaint,

and no depositions have been taken yet. Plaintiff therefore reserves the right to revise or

supplement its response to this Interrogatory at any time, should additional responsive

information be discovered and/or additional claims be asserted or for any reason deemed

necessary and proper.

**INTERROGATORY NO. 12:**

Identify each allegation by any entity that a claim of a patent-in-suit or a Related Patent is

not valid or not infringed, including for each such allegation a summary description of the basis

of the allegation and an identification of the documents supporting the allegation.

**OBJECTIONS TO INTERROGATORY NO. 12:**

Plaintiff objects to this Interrogatory to the extent it seeks a legal conclusion.  Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Plaintiff objects to this Interrogatory as vague, ambiguous, and overbroad with respect to the phrase "each allegation by any entity."  Plaintiff objects to this Interrogatory as premature, as Defendant has not yet provided full discovery regarding the extent of its infringing activities.  Plaintiff objects to the extent that the details of its infringement and validity theories will be the subject of expert testimony that will be disclosed in accordance with Fed. R. Civ. P. 26(a)(2) pursuant to any schedule set by the Court.  Plaintiff objects to this Interrogatory to the extent it seeks documents and things subject to a non-disclosure or confidentiality agreement with a third party and/or that contain the trade secrets of, or information confidential and proprietary to, a third party.  Plaintiff objects to this Interrogatory as premature because Plaintiff may produce business records responsive to this Interrogatory; because discovery has only just begun, Plaintiff expressly reserves its right to supplement its response in accordance with Federal Rule of Civil Procedure Rule 33(d).

**RESPONSE TO INTERROGATORY NO. 12:**

Subject to, and without waiver of, the foregoing Specific and General Objections, Plaintiff responds as follows:  Plaintiff states that in September 2013, LifeNet Health filed suit in the U.S. District Court for the Eastern District of Virginia asserting infringement of the '200 patent by LifeCell Corporation ("LifeCell").  *See* D.I. 1, Civil Action No. 2:13-cv-00486, September 6, 2013 (E.D. Va.) (the "LifeCell '200 patent litigation").  LifeNet Health accused LifeCell's porcine Strattice® product, among others, of infringing the '200 patent.  LifeCell

challenged the validity of the '200 patent. After a ten-day jury trial, the jury found the '200 patent to be valid and infringed by Strattice and other LifeCell products, and awarded damages to LifeNet Health in the amount of $34,741,971. *See* LifeCell '200 patent litigation, D.I. 369, 395. The U.S. Court of Appeals for the Federal Circuit upheld the verdict in LifeNet Health's favor on appeal in a unanimous panel decision. *See LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316 (Fed. Cir. 2016).

Plaintiff also states that in September 2015, LifeCell filed a Complaint for Declaratory Judgment in the U.S. District Court for the District of New Jersey requesting a declaration of non-infringement of U.S. Patent No. 9,125,971 ("the '971 patent"). *See* D.I. 1, Civil Action No.2:15-cv-06701, September 8, 2015 (D. NJ) (the "Declaratory Judgment Action"). On the same day as filing the Declaratory Judgment Action, LifeCell filed a Petition for *Inter Partes* Review, challenging the validity of the '971 patent at the U.S. Patent and Trademark Office. *See LifeCell Corporation v. LifeNet Health*, IPR2015-01888, Paper 1 (PTAB Sept. 8, 2015). The Declaratory Judgment Action was transferred to the U.S. District Court for the Eastern District of Virginia. *See* D.I. 37, Civil Action No.2:15-cv-06701; *also* Civil Action No. 2:16-cv-00451 (E.D. Va.). LifeNet Health filed a Request for Adverse Judgment pursuant to 37 C.F.R. § 42.73(b) requesting that the U.S. Patent and Trademark Office cancel claims 1-13 of the '971 patent. That Request was granted on August 5, 2016. *See id.* at Paper 20. The Declaratory Judgment Action was subsequently dismissed. *See* D.I. 58, Civil Action No. 2:16-cv-00451, Aug. 15, 2016 (E.D. Va.).

In May 2017, LifeNet Health filed suit in the U.S. District Court for the Eastern District of Virginia asserting infringement of the '200 patent by Tissue Regenix Woundcare Inc. and Community Tissue Services. This case was subsequently transferred to the U.S. District Court

for the Western District of Texas *See* D.I. 1, Civil Action No. 5:17-cv-01061, May 8, 2017 (W.D. Tex.). In its Answer, Tissue Regenix Woundcare Inc. challenged the validity of the '200 patent. This case was dismissed with prejudice upon settlement between the parties.

Plaintiff will produce business records responsive to this Interrogatory in accordance with Fed. R. Civ. P. 33(d). In addition, Plaintiff will supplement this response in accordance with Fed. R. Civ. P. 26(a)(2) pursuant to any schedule set by the Court.

Plaintiff notes that discovery has just begun, RTI has not yet answered the Complaint; and no depositions have been taken yet. Plaintiff therefore reserves the right to revise or supplement its response to this Interrogatory at any time, should additional responsive information be discovered and/or additional claims be asserted or for any reason deemed necessary and proper.

**INTERROGATORY NO. 13:**

State what Plaintiff contends is the level of skill in the art held by a person of ordinary skill that applies to each asserted claim, including the relevant art, ordinary level of education, and ordinary level of experience.

**OBJECTIONS TO INTERROGATORY NO. 13:**

Plaintiff objects to this Interrogatory to the extent it seeks publicly available information or information already in the possession, custody, or control of Defendant. Plaintiff objects to this Interrogatory to the extent it seeks a legal conclusion. Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff objects to this Interrogatory as premature to the extent it seeks expert discovery.

## RESPONSE TO INTERROGATORY NO. 13:

Subject to, and without waiver of, the foregoing Specific and General Objections, Plaintiff responds as follows: Plaintiff will produce business records responsive to this Interrogatory in accordance with Fed. R. Civ. P. 33(d). In addition, Plaintiff will supplement this response in accordance with Fed. R. Civ. P. 26(a)(2) pursuant to any schedule set by the Court.

Plaintiff notes that discovery has just begun, RTI has not yet answered the Complaint, and no depositions have been taken yet. Plaintiff therefore reserves the right to revise or supplement its response to this Interrogatory at any time, should additional responsive information be discovered and/or additional claims be asserted or for any reason deemed necessary and proper.


DATED: September 13, 2018
                 */s/ Michael H. Jacobs*

Michael J. Songer
(admitted *Pro Hac Vice*)
Michael H. Jacobs
(admitted *Pro Hac Vice*)
Vincent J. Galluzo
Florida Bar No. 86472
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
msonger@crowell.com
mjacobs@crowell.com
vgalluzo@crowell.com

William Jackson Matney, Jr.
(admitted *Pro Hac Vice*)
RatnerPrestia
1090 Vermont Avenue, N.W.
Suite 1200
Washington, D.C. 20005
Telephone: (202) 808-7372
wjmatney@ratnerprestia.com

(*Pro Hac Vice* pending)

Richard E. Ramsey
Florida Bar No. 715026
rramsey@wickersmith.com
WICKER, SMITH, O'HARA,
McCOY & FORD, P.A.
50 N. Laura St., Suite 2700
Jacksonville, FL 32202
Telephone: (904) 355-0225
Facsimile: (904) 355-0226

*Attorneys for Plaintiff*
*LifeNet Health*

The undersigned certifies that on September 13, 2018, a copy of LIFENET HEALTH'S

OBJECTIONS AND RESPONSES TO RTI SURGICAL, INC.'S FIRST SET OF

INTERROGATORIES (NOS. 1-13) DIRECTED TO PLAINTIFF was served by email, pursuant

to the parties' agreement, to the following:

David Headrick
Gregory C. Schodde
James P. Murphy
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
Chicago, Illinois 60661
DHeadrick@McAndrews-ip.com
GSchodde@McAndrews-ip.com
JMurphy@McAndrews-ip.com
RTI-LifenetFLND146@McAndrews-ip.com

Thomas C. McThenia Jr.
Stephanie M. Marchman
R. Troy Smith
Gray Robinson
Suite 106
720 S.W. 2nd Avenue
Gainesville, Florida 32601
Tom.McThenia@gray-robinson.com
Stephanie.Marchman@gray-robinson.com
troy.smith@gray-robinson.com

*/s/ Molly A. Jones*
Molly A. Jones