# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

LIFENET HEALTH,

      *Plaintiff*,

v.                                **Case No. 1:18cv146-MW/GRJ**

RTI SURGICAL, INC.,

      *Defendant.*

_____/

## SCHEDULING ORDER

This order is entered upon consideration of the parties' joint scheduling report, ECF No. 44.

**IT IS ORDERED:**

1. The Northern District of Georgia Local Patent Rules apply in this case unless this Court orders otherwise. N.D. Fla. Loc. R. 88.3. This Court has not yet ordered otherwise.

2. This Court adopts Defendant's proposed schedule. *See* ECF No. 44, at 18–20.

3. This Court adopts the parties' agreements as to "Discovery Phasing and Limits." *See* ECF No. 44, at 29.

As to the "Deposition Limits," this Court adopts Defendant's proposals. *See* ECF No. 44, at 30.

4. The parties must use the following procedures for filing summary-judgment papers:

    a. First, file a notice listing exhibits to be filed in support of or in opposition to summary judgment. Include the exhibits as attachments to the notice on CM/ECF. Exhibits that cannot be filed on CM/ECF must be submitted to the Clerk along with a hard-copy notice of filing.

    b. Second, file the summary-judgment memorandum (motion, response, or reply) pinciting to the ECF number for the exhibit attached to the notice listing the exhibits.

    c. To the extent it is technologically feasible, each party must:

        i. Highlight the portion of the exhibit it wishes this Court to look at; and

        ii. File deposition transcripts in a form where the text of the testimony is searchable with the control-F function.

d. The parties should take note that this Court reviews the cited portions of the record. Discrepancies between factual assertions in the parties' memoranda and the actual record do not go unnoticed. The parties should take care to distinguish between record evidence and inferences which can reasonably be made from that evidence.

5. A party must not file attorney's fee records until needed.

6. Deadlines will be determined based on this order (including the joint scheduling report to the extent made applicable by this order), other applicable orders, and the governing rules. Docket entries made by the clerk of the court are for the clerk's internal use and are not controlling.

7. By a separate Order for Pretrial Conference to be issued later, a deadline will be set for an attorney conference leading to the filing of a pretrial stipulation and related papers.

8. **A motion in limine or other pretrial motion shall be filed no later than 15 days prior to the pretrial conference, with a response to the motion filed no later**

3

**than 5 days thereafter, to allow consideration of the motion at or prior to the pretrial conference.**

9. The attorneys' attention is directed to the American College of Trial Lawyers Code of Pretrial Conduct and Code of Trial Conduct, which set out standards of professionalism that are available on the court's website and at http://www.actl.com/publications/index.htm.

**SO ORDERED on October 10, 2018.**

        **s/Mark E. Walker**
        **Chief United States District Judge**